IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

AUG 1 2 2011

ANGUS A. WHITNEY,

Plaintiff,

v.                                                    CIVIL NO. 2:10cv383

UNITED STATES OF AMERICA,

Defendant.

OPINION AND ORDER

In the instant action, Plaintiff seeks to sue the United States under the Federal Tort Claims

Act (FCTA), 28 U.S.C. 2671 et seq., based on events that occurred on Naval Station Norfolk

during an investigation of thefts at a government-owned gymnasium.   This matter comes before

the Court upon a Motion to Dismiss Defendant's Amended Complaint, filed by the United States

("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).   For the reasons set

forth below, the Court grants Defendant's Motion to Dismiss.

I.  Background

    In May, 2007, Plaintiff was employed at a gym operated by the United States Navy, located

on Naval Station Norfolk.   Thefts of personal belongings were occurring at the gym, and base

police were investigating these thefts.   On two occasions in May, a base police detective,

("Detective Pitts"), sought a written statement from Plaintiff to assist the investigation, and on

each occasion Plaintiff refused to provide the requested statement. Because of Plaintiff's refusals,

on May 9, 2007, he was taken into custody by the base police. He subsequently agreed to provide a written statement, and was then released with no charges filed. On July 31, 2009, Plaintiff submitted an SF-95 "Claim for Damage, Injury or Death" to the Navy, which stated "I was arrest [sic] leading to unlawful termination, denial of annual raise, and severe emotional trauma." This administrative claim was denied on February 3, 2010, and Plaintiff filed the instant lawsuit on August 2, 2010.

On April 21, 2011, the Court granted the United States' Motion to Dismiss Plaintiff's original Complaint. In the order granting the motion, the Court granted Plaintiff leave to file an amended complaint, which the Plaintiff did on April 28, 2011. Following the filing of this Amended Complaint, the United States again moved to dismiss. Plaintiff has responded to the United States' Motion to Dismiss, and the United States has replied to that response. This matter is therefore again ripe for adjudication.


II. Analysis

In his amended complaint, Plaintiff has withdrawn his claims of assault, battery, false arrest, abuse of process, and malicious prosecution under Virginia law. He has also retracted his claim of a civil rights violation under the 14th Amendment of the United States Constitution. Remaining from the original complaint are only two alleged causes of action: false imprisonment and intentional infliction of emotional distress. As noted in the Court's April 21, 2011 order, the Plaintiff has administratively exhausted these claims and the Court therefore retains jurisdiction over them.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. Federal Rule of Civil

Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), have clarified how the sufficiency of a complaint is to be evaluated under Rule 8. Under these cases, there are two essential requirements for a pleading: that its allegations be sufficient and that its allegations be plausible.

In evaluating the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, a district court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal v. Ashcroft</u>, 129 S. Ct. 1937, 1949 (2009). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Second, the court must decide whether the remaining allegations in the complaint—taken as true—state a "plausible claim for relief." <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether the facts "permit the court to infer more than the mere possibility of misconduct." <u>Id.</u> at 1950 (citing <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157 (2nd Cir. 2007). In essence, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 1949.

1.    False Imprisonment and Arrest[1]

---

1 Under Virginia law, the terms "false imprisonment" and "false arrest" are used interchangeably to refer to the common law tort that involves "the illegal detention of [a] person without lawful process." <u>Motley v. Virginia Hardware and Mfg. Co.</u>, 287 F.Supp. 790, 792 (D.C.Va. 1968) (citing <u>Kress and Company v. Roberts</u>, 129 S.E. 244 (1925). This Order will hereafter refer to this tort as "false imprisonment."

Under Virginia law, the tort of false imprisonment requires "the direct restraint by one person of the physical liberty of another without adequate legal justification." Figg v. Schroeder, 312 F.3d 625, 637 (4th Cir. 2002) (citing Jordan v. Shands, 500 S.E.2d 215, 218 (1998).)   The question again before the Court is whether Plaintiff has set forth sufficient facts to plausibly allege that a government employee restrained his physical liberty without adequate legal justification.

As noted in the Court's April 21 Order, Plaintiff has sufficiently alleged that a government employee, Detective Pitts, restrained his physical liberty.  However, he still has not sufficiently alleged that he did so without adequate legal justification.   Under Virginia law, to have adequate legal justification, the arresting officer must have only "good faith and 'reasonable belief' in the validity of the arrest."   DeChene v. Smallwood, 226 Va. 475, 479, 311 S.E.2d 749, 751 (1984) (citing Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc., 456 F.2d 1339, 1347 (2d Cir. 1972).   In his Amended Complaint, Plaintiff has introduced no additional facts that support a plausible inference that Detective Pitts acted without good faith or did not have a reasonable belief that the arrest was valid.

Like his original Complaint, Plaintiff's new pleading states that he refused two requests by Detective Pitts to make a written statement regarding his knowledge of the thefts at the gymnasium, and that upon his second refusal, Detective Pitts arrested him for obstruction of justice.   In addition, the Amended Complaint also alleges that 1) Detective Pitts placed Plaintiff under arrest "[s]olely in an attempt to scare, threaten and intimidate [him] into providing a written statement"; 2) Detective Pitts "loudly informed the Plaintiff and all witnesses that Plaintiff was being charged with obstruction of justice"; and 3) Detective Pitts in fact never charged Plaintiff with a criminal offense, but arrested him simply as "a tool to force the Plaintiff via fear and intimidation to provide a written statement against his will."

Although Plaintiff has now attempted to craft a theory to explain Detective Pitts' motivation for his arrest, he still has pleaded no <u>facts</u> that permit the Court to infer that Detective Pitts acted in bad faith or did not have a reasonable belief that the arrest was valid.   Plaintiff's allegations concerning Detective Pitts motivation for the arrest are not facts, they are simply conclusory speculations about his subjective intent.

As previously stated, under Virginia law, a person is guilty of obstruction of justice if he "without just cause knowingly obstructs . . . any law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so . . . ."   Virginia Code § 18.2-460.   Plaintiff has conceded that he twice refused to provide requested cooperation in the investigation before Detective Pitts arrested him in his official capacity as the officer investigating the case.   Plaintiff still has made no showing that his arrest for obstruction was unjustified or unreasonable.   Although the fact that Detective Pitts did not ultimately charge Plaintiff with obstruction of justice may be consistent with a theory that the arrest was unreasonable, it does not demonstrate how or why it was unreasonable.   As pleaded, Plaintiff's hypothesis about the motivation for Detective Pitts' actions is merely a conclusory supposition with no factual enhancement.   As such, it is not entitled to the assumption of truth. <u>Iqbal</u>, 129 S.Ct at 1949-50.   The facts alleged in the Amended Complaint provide no additional basis to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Accordingly, Plaintiff's false imprisonment claim must be dismissed under the standard set forth in <u>Twombly</u> and <u>Iqbal</u>.

2.    Intentional Infliction of Emotional Distress

Virginia law requires a showing of four elements to establish a claim of intentional infliction of emotional distress: 1) that the wrongdoer had the specific purpose of inflicting emotional distress or intended his specific conduct and knew or should have known that emotional distress would likely result; 2) that the conduct alleged was "outrageous or intolerable" such that it offended "generally accepted standards of decency or morality"; 3) that there was a causal connection between the conduct and the emotional distress; and 4) that the emotional distress was severe. Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974). While Plaintiff's Amended Complaint arguably pleads facts sufficiently alleging intentional or reckless conduct by Detective Pitts and a causal connection between that conduct and severe emotional distress, it still provides no facts supporting an allegation that the detective's conduct was so outrageous or intolerable as to offend generally accepted standards of decency or morality.

As before, the essence of Plaintiff's Amended Complaint is still that Detective Pitts arrested him for obstruction of justice after he twice refused to provide a written statement regarding an ongoing investigation. The Amended Complaint has introduced no new facts indicating any conduct on the part of Detective Pitts that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Russo v. White, 400 S.E.2d 160, 162 (Va. 1991) (citing Ruth v. Fletcher, 377 S.E.2d 412, 413 (Va. 1989).

Plaintiff now alleges that "Detective Pitts intentionally placed the Plaintiff under arrest without legal cause to do so," and that "[i]t is intolerable and outrageous for a law enforcement officer to place a citizen under arrest and fabricate a charge simply to scare and intimidate that person into providing a written witness statement." Here Plaintiff predicates his intentional

infliction of emotional distress claim on his false imprisonment claim, apparently arguing that his

false imprisonment by Detective Pitts was so outrageous or intolerable as to offend generally

accepted standards of decency or morality. This claim fails along with the false imprisonment

claim because, as noted above, Plaintiff has alleged no facts allowing the Court to reasonably infer

that he was falsely imprisoned. Once again, Plaintiff's arguments that Detective Pitts had no

legal justification for arresting him and that Pitts fabricated a charge simply to scare and intimidate

him are merely naked assertions, unsupported by fact. Since Plaintiff's Complaint does not

sufficiently allege facts supporting all essential elements of a claim of intentional infliction of

emotional distress, this claim must be dismissed.


III. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to

Dismiss Plaintiff's Amended Complaint. Accordingly, the Amended Complaint against the

United States of America is hereby **DISMISSED WITH PREJUDICE.**


The Clerk is **DIRECTED** to deliver a copy of this Opinion and Order to all Counsel of

Record in this case.

/s/

Robert G. Doumar
Senior United States District Judge

**IT IS SO ORDERED.**


UNITED STATES DISTRICT JUDGE


Norfolk, Virginia
August _12_, 2011